The judgment of the court was pronounced by
Slidell, J.
At the last term of this court, on application of the appellant and showing satisfactory cause, it was ordered that the time for bringing up and filing the transcript in this court be extended to the 1st of March then next. On the 3d September, being the first day of the present term, the transcript was filed, and the cause was docketed before the business of the day commenced. A motion for dismissal is made upon the ground that the transcript should have been filed on or before the 1st day of March, 1850. It appears that after the 1st of March had passed, the appellee obtained from the clerk of this court a certificate that the transcript had not been filed.
There is no reason to suppose that the appellee has sustained the slightest injury or inconvenience by the omission to file until the opening of this term. There is not even a suggestion of injury or inconvenience. The cause has been brought before us for a hearing at the earliest possible day after the September adjournment. So far as the court recollects the circumstances and motives of the order, no importance was attached to the particular day, provided the filing *552 was in time for the succeeding term. Several similar applications were made on the same day; there was no possibility of obtaining the transcript before the adjournment, and consequently none of making any judicial progress in them until the first Tuesday of September. The motion to dismiss is, therefore, disallowed.
The present suit is a proceeding by injunction to restrain the sheriff in the execution of a writ of fieri facias, upon the ground that Smith has a claim for damages against Mrs. Foster for an amount of $500 for the illegal issuing and prosecution of a former writ of fieri facias ; that, in a suit to enjoin the former writ, Smith had obtained an injunction of that writ, and had asked damages for the illegal issuing and prosecution thereof; that there had been a decree perpetuating that injunction, but that the claim for damages was still pending and undecided; that Mrs. Foster is a non-resident and irresponsible, and ought not to be permitted to proceed to collect her judgment from him until his claim for damages is disposed of.
Judgment was rendered on the same day in this suit, and in the other suit upon the claim for damages. The damages are assessed by the court at $216, and judgment rendered for that amount. In this suit there was judgment sustaining the injunction and perpetuating it for the sum of $216.
In our opinion, the district judge erred in sustaining the injunction in this case. The debt, the execution of which was enjoined, was certain, and liquidated by a judgment. Smith’s claim for damages was unliquidated and in litigation. It was not, when this injunction was obtained, such a claim as legally compensated the debt due to the judgment creditor. See Civil Code, 2205. Howard v. Stone, 5 N. S. 126.
It is therefore decreed, that the judgment of the district court be reversed ; that the injunction be dissolved and the suit dismissed; that the costs in both courts be paid by the said Smith; and that the said Caroline M. Foster recover of the said John Smith and Washington M. Smith in solido, sixty dollars for extra interest and damages.